# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE (K.R.D.) an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>WYNDHAM HOTELS & RESORTS, INC. and<br>BA HOTEL, LLC,<br><br>    Defendants. | Civil Action No. 2:24-cv-08174-SDW-JBC<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. James B. Clark, U.S.M.J. |

---

## DEFENDANT BA HOTEL, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

---

James C. Shah
**MILLER SHAH LLP**
2 Hudson Place, Suite 100
Hoboken, NJ 07030
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com

*Attorney for Defendant,*
*BA Hotel, LLC*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................ i

TABLE OF AUTHORITIES.................................................................. ii

INTRODUCTION ............................................................................... 1

ARGUMENT ...................................................................................... 2

A.  The Complaint Fails to State a Perpetrator Claim against BA Hotel ................ 2

B.  The Complaint Fails to State a Claim against BA Hotel for Participant or Beneficiary Liability ................................................................... 8

    i.  Plaintiff does not sufficiently allege that BA Hotel participated in a venture ......................................................................... 9

    ii.  The Complaint does not plausibly allege that BA Hotel knew or should have known of the ventures allegedly responsible for her trafficking ...................................................................... 13

CONCLUSION ................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

<b><u>Page(s)</u></b>

## <u>Cases</u>

*A.B. v. Interstate Mgmt. Co., LLC*,
 2024 WL 3905482 (D. Or. Aug. 22, 2024) ............................................................8

*A.B. v. Marriott Int'l, Inc.*,
 455 F. Supp. 3d 171 (E.D. Pa. 2020) ..................................................................8, 9

*A.B. v. Shilo Inn, Salem, LLC*,
 2023 WL 8805685 (D. Or. Dec. 20, 2023) .........................................................14

*A.D. v. Wyndham Hotels & Resorts, Inc.*,
 2020 WL 8674205 (E.D. Va. July 22, 2020) .......................................................15

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................... 3, 5, 6

*B.J. v. G6 Hosp., LLC*,
 2023 WL 6120682 (N.D. Cal. Sept. 18, 2023) ..................................................5, 6

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ...............................................................................................5

*Canosa v. Ziff*,
 2019 WL 498865 (S.D.N.Y. Jan. 28, 2019) ..........................................................7

*Doe #1 v. Red Roof Inns, Inc.*,
 21 F.4th 714 (11th Cir. 2021) ................................................................................9

*Doe (C.J.) v. Cotugno*,
 2024 WL 4500994 (D.N.J. May 16, 2024) ................................................... passim

*Doe (P.B.) v. Wyndham Hotels & Resorts, Inc.*,
 2023 WL 8890229 (D.N.J. Dec. 26, 2023) .................................................. 13, 14

*Doe v. Hotels*,
 2024 WL 2955728 (M.D. Fla. June 12, 2024) .....................................................3, 8

*G.G. v. Salesforce.com, Inc.*,
   76 F.4th 544 (7th Cir. 2023) .................................................................12

*J.G. v. Northbrook Indus.*,
   619 F. Supp. 3d 1228 (N.D. Ga. 2022) ...............................................11

*K.H. v. Riti, Inc.*,
   2024 WL 505063 (11th Cir. Feb. 9, 2024) ..........................................14

*Ricchio v. McLean*,
   853 F.3d 553 (1st Cir. 2017) .................................................................4

**Statutes**

18 U.S.C. § 1591 .................................................................................8, 11

18 U.S.C. § 1591(a) ..................................................................2, 3, 4, 8 10

18 U.S.C. § 1591(e) .....................................................................................10

18 U.S.C. § 1595(a) ............................................................................1, 8, 10

**Rules**

11th Cir. R. 36-2 ..........................................................................................14

Fed. R. Civ. P. 12(b)(6) ..............................................................................15

## INTRODUCTION

The Response in Opposition to the Motion to Dismiss of Defendant, BA Hotel, LLC ("BA Hotel") ("Plaintiff's Opposition," "Opposition," or Opp.," ECF No. 26) only serves to reinforce the reasons why Plaintiff, Jane Doe (K.R.D.) ("Plaintiff"), has failed to state a claim in her Complaint (ECF No. 1, "Complaint" or "Compl.") under Section 1595(a) of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). The Opposition does not endeavor to substantively respond to any of the arguments or authorities set forth in BA Hotel's Memorandum of Law (ECF No. 21-1, "Memorandum") in Support of its Motion to Dismiss (ECF No. 21, "Motion"). Instead, the Opposition is little more than a stale recitation of inapposite case law and irrelevant argument—much of which appears to have been directly lifted from briefing in entirely different cases with distinct facts—as evidenced by the Opposition's repeated accusations of BA Hotel's reliance on authorities which the Memorandum does not cite.

The Opposition does not identify any pertinent allegations in the Complaint supporting a plausible inference that BA Hotel knew or should have known of Plaintiff's alleged trafficking between April 2014 and July 31, 2014 at the Hawthorn Suites Hotel in Sacramento, California, much less that that BA Hotel perpetrated or participated in conduct leading to Plaintiff's trafficking. Instead, the Opposition doubles down on Plaintiff's reliance on generalized allegations about

1

sex trafficking in the hotel industry and at Wyndham properties nationwide and references to a few, vague Yelp.com reviews that neither pertain to Plaintiff's alleged trafficking nor the time period in which Plaintiff alleges to have been trafficked.  Importantly, the Opposition does not respond to the myriad cases cited in the Memorandum which hold that such generalized and conclusory allegations do not amply support an inference that BA Hotel knew or should have known of Plaintiff's trafficking, trafficker, or any trafficking at its hotel.  For these reasons, Plaintiff has failed to adequately plead her claims for both (1) perpetrator liability and (2) participant or beneficiary liability under the TVPRA.  Thus, BA Hotel respectfully submits that its Motion should be granted.

## **ARGUMENT**

### **A.    The Complaint Fails to State a Perpetrator Claim against BA Hotel**

Plaintiff's civil perpetrator liability claim against BA Hotel must be dismissed because the Complaint offers no facts plausibly suggesting that BA Hotel or any of its affiliates knowingly harbored or otherwise engaged in any affirmative act with knowledge that coercion, force, and other means would be used to cause Plaintiff to engage in a commercial sex act.  "[T]o state a § 1595 claim for perpetrator liability pursuant to § 1591(a), a plaintiff must allege that the defendant knowingly "(1) recruited, enticed, harbored, transported, provided, obtained, or maintained [her]; (2) knowing that force, threats of force, coercion, or

2

any combination of such means would be used; (3) to cause [her] to engage in a commercial sex act." *Doe v. Hotels*, 2024 WL 2955728, at *5 (M.D. Fla. June 12, 2024), *reconsideration denied sub nom. Jane Doe K.R. v. Choice Hotels*, 2024 WL 4373374 (M.D. Fla. Oct. 2, 2024). The Complaint contains a single, conclusory allegation that BA Hotel "harbored individuals (including Jane Doe (K.R.D.)) knowing or in reckless disregard of the fact that the victims would be caused, through force, coercion, or fraud, to engage in commercial sex acts while at its [] hotel property." *See* Compl., ¶ 80a. This "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* 18 U.S.C. § 1591(a).

Implicitly recognizing that the Complaint does not state a "perpetrator" claim against BA Hotel, Plaintiff's Opposition affords its discussion only cursory reference. *See* Opp., at 20–23. The Opposition fails to articulate both how BA Hotel's "reliance on *Ricchio v. McLean* is narrowly tailored" and any showing of the relevance of the fact that "[b]uilding on *Ricchio*, many courts have applied beneficiary liability to hotel owners and franchisors who continue renting rooms to sex traffickers despite actual or constructive knowledge that such rooms are being sued for sex trafficking." *See id.,* at 21, n.10. BA Hotel does not dispute, however, that courts have applied *Ricchio* when sustaining beneficiary liability claims against hotel owners in cases where a plaintiff has adequately alleged actual or

constructive knowledge on the part of the hotel owner or operator, as further discussed below. Memo., at 14–16. Instead, BA Hotel cites *Ricchio* for the heightened *mens rea* requirement of actual knowledge or reckless disregard that applies to participant liability claims under the TVPRA.

The Opposition is correct only insofar as, in *Ricchio*, the First Circuit Court of Appeals "reasoned that [the defendants] created a venture with traffickers operating at the hotel through an implicit agreement to continue renting rooms to them despite obvious signs of unlawful activity." *See id.* As BA Hotel's Memorandum explains, however, the Ricchio plaintiff specifically alleged that the hotel operator defendants had "prior commercial dealings" with plaintiff's trafficker; exchanged "high-fives" with plaintiff's trafficker about "getting things going again," even when the trafficker's "coercive and abusive treatment of [the plaintiff] as a sex slave had become apparent"; ignored plaintiff's "plea for help"; demonstrated "indifference to [the plaintiff's] obvious physical deterioration"; and saw the trafficker "grab [the plaintiff], kick her, and force her back toward the rented quarters when she had tried to escape." *See* Memo., at 14; *Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017). Based on these numerous particularized facts, the *Ricchio* court found that the plaintiff had adequately "supported [her perpetrator liability claim with] factual allegations" that were "sufficient to pass muster under the plausibility standard." *Id.* at 557.

4

Here, the Complaint does not offer any remotely similar allegations of BA Hotel's knowledge of, reckless disregard for, or involvement in Plaintiff's trafficking.  As a result, the Opposition cites only to conclusory allegations that BA Hotel's staff and management must have observed signs of trafficking because they "had actual knowledge of [Plaintiff's] trafficking or at least were willfully blind to it."  *See* Opp., at 22 (quoting Compl., ¶¶ 51–52).  Still, the Complaint only alleges that "***[b]ased upon information and belief***, multiple employees at the subject Hawthorn Suites" supposedly "observed, or were made aware of [] obvious signs of trafficking."  Compl., ¶ 52 (emphasis added).

Plaintiff does not (and cannot) identify, either by name or description, any such Hotel employees, guests, or witnesses whom were purportedly made aware of any such signs of trafficking.  Memo., at 7, 13.  The result is that Plaintiff does nothing more than assert in a conclusory manner that BA Hotel knew or acted in reckless disregard for the fact that it was harboring Plaintiff—but this is exactly the type of threadbare "legal conclusion couched as a factual allegation" that the Court is "not bound to accept as true" and is insufficient to "raise a right to relief above the speculative level."  *B.J. v. G6 Hosp., LLC*, 2023 WL 6120682, at *2 (N.D. Cal. Sept. 18, 2023) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Iqbal*, 556 U.S. at 678).

Just as it fails to point to any allegations that are comparable to the distinct pleading at issue in *Ricchio*, the Opposition completely overlooks BA Hotel's discussion of *B.J. v. G6 Hosp., LLC. See* Memo., at 14–16. There, the court declined to find that the plaintiff stated a "perpetrator" liability claim against the hotel owners and operators, notwithstanding allegations that the hotel's manager "worked directly" with the plaintiff's alleged trafficker to traffic plaintiff, including by "arrang[ing] discounted room rates and other benefits for plaintiff's trafficker in exchange for sexual favors from plaintiff," "call[ing] to alert plaintiff's trafficker whenever the police were nearby," "demand[ing] to have sex with plaintiff," and "assault[ing] plaintiff multiple times while he was on duty." *See id.* Reasoning that, as here, the complaint did not show that the hotel owners and operators "should have known, let alone actually knew, about the sex trafficking allegedly taking place on its properties," Judge Chesney dismissed the plaintiff's perpetrator liability claim as to those defendants. *See B.J.*, 2023 WL 6120682, at *11.

It is telling that Plaintiff does not attempt to engage with *Ricchio* or *B.J.* at all, despite their clear indication that specific allegations regarding the knowledge or reckless disregard of a hotel owner, operator, or their employees are necessary to plausibly support a "perpetrator" liability claim. Otherwise, the Opposition relies on inapplicable authority in a halfhearted attempt to defend its perpetrator liability claim from dismissal. In support of her contention that BA Hotel's alleged conduct

"had the 'predictable' effect of enabling future trafficking," Plaintiff cites *Canosa v. Ziff*, 2019 WL 498865 (S.D.N.Y. Jan. 28, 2019). *See* Opp., at 22. In *Canosa*, however, the court determined that the plaintiff had alleged "specific means and methods used by multiple company employees to facilitate [Harvey] Weinstein's sexual assaults and to cover them up afterwards" and that Weinstein's companies "entered into non-disclosure agreements with many women, with the ***predictable effect*** of enabling future assaults by Weinstein." *See* 2019 WL 498865, at *24.

Here, however, Complaint contains no allegations that BA Hotel or its affiliates engaged in "specific means and methods" to facilitate Plaintiff's alleged trafficking. *See* Memo., at 2–9, 16. Surely, the Complaint's conclusory allegation that BA Hotel "facilitated" Plaintiff's trafficking by "implicitly encouraging the activities of traffickers by creating an environment where they did not need to incur the burden of taking significant steps to conceal their activities but, instead, could operate without concern for detection or interference by the hotel staff" is insufficient, without anything more. *See* Compl., ¶ 59d. In sum, the Opposition utterly fails to provide any additional facts or authority supporting the proposition, much less a plausible inference, that BA Hotel "harbored" Plaintiff or any victim of sex trafficking with knowledge of or reckless disregard for their trafficking. In other words, the Complaint contains no factual matter from which one could reasonably infer that BA Hotel "entered into a tacit agreement with Plaintiff's

traffickers to provide them with a room and shelter whereby Plaintiff could be trafficked for profit." *Doe*, 2024 WL 2955728, at *6. Accordingly, Plaintiff has failed to state a "perpetrator" liability claim under the TVPRA.

**B.    The Complaint Fails to State a Claim against BA Hotel for Participant or Beneficiary Liability**

The authorities cited in the Opposition likewise offer no legal or factual arguments that support sustaining Plaintiff's participant or beneficiary claim under the TVPRA based on the conclusory facts alleged in the Complaint. Plaintiff has failed to demonstrate that the Complaint adequately alleges BA Hotel participated in a venture or that BA Hotel knew or should have known of the ventures allegedly responsible for Plaintiff's trafficking. Accordingly, like her claim for perpetrator liability, Plaintiff's beneficiary liability claim must be dismissed. "To state a TVPRA claim under section 1595(a) beneficiary theory, a victim under the statute must plausibly allege that the defendant (1) "knowingly benefit[ted] financially or by receiving anything of value, (2) from participation in a venture, (3) that defendant knew or should have known has engaged in sex trafficking under section 1591." *Doe (C.J.) v. Cotugno*, 2024 WL 4500994, at *3 (D.N.J. May 16, 2024) (quoting *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 181 (E.D. Pa. 2020)); *see also A.B. v. Interstate Mgmt. Co., LLC*, 2024 WL 3905482, at *4 (D. Or. Aug. 22, 2024) (same). Plaintiff has not adequately pled either the second or third elements.

i.  <u>Plaintiff does not sufficiently allege that BA Hotel participated in a venture</u>

Plaintiff's Opposition demonstrates that the Complaint fails to adequately plead that BA Hotel participated in a venture—that is, "an undertaking or enterprise involving risk and potential profit"—which was engaged in sex trafficking.  *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021).  The Complaint does not raise any inference that "a TVPRA violation" was "within the scope of [any] venture" with either Plaintiff's anonymous trafficker or the Wyndham Defendant.  *Cotugno*, 2024 WL 4500994, at *3.  Plaintiff has not alleged "a continuous business relationship" between BA Hotel and Plaintiff's alleged trafficker "such that it would appear that the trafficker and [BA Hotel] have established a pattern of conduct or could be said to have a tacit agreement."  *See id.*; *see also A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. at 186.

The Complaint offers no information about Plaintiff's alleged trafficker, besides his use of physical violence, coercion, and force against Plaintiff.  Compl., ¶ 20.  Plaintiff does not even plead that her trafficker himself rented rooms at the Hawthorn Suites Hotel.  *See id.*  Otherwise, the Complaint rests entirely on vague and conclusory assertions about "traffickers" to whom BA Hotel allegedly "continued renting rooms," which do not remotely give rise to any plausible inference of continued association, pattern of conduct, or tacit agreement between BA Hotel and Plaintiff's trafficker.  *See id.*, ¶¶ 57–59, 70.

9

Rather than refute the absence of necessary allegations to demonstrate BA Hotel's participation in a venture—which Plaintiff cannot—the Opposition relies on a recitation of authorities that appears to have been recycled from briefing in an entirely different case. *See* Opp., at 9–20. This is unsurprisingly nonresponsive to BA Hotel's Memorandum. In its Memorandum, BA Hotel explicitly notes that the criminal definition of "participation in a venture" under Section 1591(e)(4) does not apply to a civil beneficiary liability claim under Section 1595(a) of the TVPRA. *Compare* Memo., at 18 ("this definition applies a heightened knowledge standard that is applicable only to the TVPRA's criminal provision") *with* Opp., at 13 (purporting to admonish BA Hotel for asserting that the "criminal definition" of "participation in a venture" applies to a civil beneficiary claim, when BA Hotel's Memorandum makes no argument of the sort).

Plaintiff argues that she "alleges commercial ventures, making [*Red Roof*] inapplicable." *See* Opp., at 11. The Opposition does not even address, however, the requirement articulated by the Honorable Madeline Cox Arleo of this District that a Plaintiff adequately support an inference that "a TVPRA violation is within the scope of the venture." *See* 2024 WL 4500994, at *3. Instead, the Opposition relies on paragraphs 70 and 71 of the Complaint for the conclusory assertion that "violations of both § 1595(a) and § 1591(a) occur[ed]within the scope of the commercial venture" (Opp., at 16), but these allegations contain only threadbare

10

recitals of Plaintiff's cause of action. *See* Compl., ¶ 70a–g (alleging only that BA Hotel "received benefits, including increase revenue, every time a room was rented" and that BA Hotel "knew or should have known" about "violations" of Section 1591, without any specific facts supporting an inference that any TVPRA violation was actually within the scope of any venture).

*Cotugno* is instructive. There, "[w]hile [the] [p]laintiff suggest[ed] that the alleged 'venture' [could] be between Choice and all potential traffickers at Econo Lodge, the [c]ourt decline[d] to use such broad definition." *See* 2024 WL 4500994, at **4, n.7. Likewise, here, the Complaint only alleges that unnamed "traffickers"—not specifically the "trafficker" described in paragraph 20 of the Complaint—rented rooms from BA Hotel. The reason for the Opposition's failure to make this necessary showing of a "venture" is transparent: the Complaint provides no facts plausibly supporting such an inference.

The Opposition states that "BA Hotel cites *J.G. v. Northbrook Indus.*, 619 F. Supp. 3d 1228, 1234 (N.D. Ga. 2022)" (Opp., at 12), but the Memorandum does not rely on that case. *See* Memo. Even if it did, *J.G.* is wholly distinguishable. There, unlike here, the plaintiff offered specific facts demonstrating a "direct association" and "continuous business relationship" between the hotel operator and the trafficker, including by ""paying" hotel staff to act as a "lookouts" to monitor police activity. *J.G.*, 619 F. Supp. 3d at 1236. Similarly, the Opposition accuses

BA Hotel of "rel[ying] on case law from the Civil RICO context to support their [*sic*] argument that providing commercial services is not sufficient for participation and that an overt act and criminal purpose are necessary" (*see* Opp., at 15, n. 5), but BA Hotel never made this argument in its Memorandum.  *See* Memo.

The unwarranted aspersions that the Opposition casts on BA Hotel's arguments in its Memorandum do not end there.  According to Plaintiff, "BA Hotel further argue [*sic*] that . . . a beneficiary defendant must have participated in the very criminal sex trafficking venture that trafficked Plaintiff, with her trafficker or with the Wyndham Defendant"—again, Plaintiff is arguing against a straw man in her Opposition.  BA Hotel does not make that argument.  Instead, BA Hotel correctly points out that Plaintiff has not pled the existence of a venture engaged in a TVPRA violation—either a venture between BA Hotel and Plaintiff's alleged trafficker, or between BA Hotel and the Wyndham Defendant.  For this reason, Plaintiff has not adequately pled her beneficiary claim under the TVPRA.  The recycled string cites contained in the Opposition do nothing to "nudge [Plaintiff's beneficiary] claim[] across the line from conceivable to plausible." *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 551 (7th Cir. 2023).  Accordingly, Plaintiff's beneficiary claim should be dismissed because the Complaint does not adequately plead the second element of this cause of action.

ii.  <u>The Complaint does not plausibly allege that BA Hotel knew or should have known of the ventures allegedly responsible for her trafficking</u>

The Opposition likewise fails to support any inference that BA Hotel "knew or should have known" that any commercial venture engaged in sex trafficking. *See Cotugno*, 2024 WL 4500994, at *3.  The Opposition does not respond to BA Hotel's observation that "[g]eneral awareness that sex trafficking has occurred at a franchisee's properties does not reach the level of 'should have known.'"  *Doe (P.B.) v. Wyndham Hotels & Resorts, Inc.*, 2023 WL 8890229, at *4 (D.N.J. Dec. 26, 2023).  As discussed at length in BA Hotel's Memorandum, the Complaint relies entirely on allegations about sex trafficking in the hotel industry generally and at Wyndham properties elsewhere in the country.  *See* Memo, at 2–8.  The Complaint does not describe any instances in which Plaintiff interacted with the Hotel's staff or guests and does not even name or describe any of the Hotel's staff or guests who allegedly witnessed Plaintiff's trafficking.  The Complaint contains no specific allegations regarding Hotel employees, in stark contrast to the *Cotugno* plaintiff who alleged that "one of the hotel employees gave her, as well as other women trafficked at the time, pepper spray and told them to 'stay safe.'"  *Cotugno*, 2024 WL 4500994, at *1.

The Yelp.com reviews in the Complaint—none of which are from the same time period in which Plaintiff alleges to have been trafficked nor are alleged to

13

provide any specific information about Plaintiff (*see* Memo., at 6–8)—do not support any inference of constructive knowledge on the part of BA Hotel.  *See A.B. v. Shilo Inn, Salem, LLC*, 2023 WL 8805685, at *5 (D. Or. Dec. 20, 2023). "Notwithstanding the abundance of support that [Plaintiff's] Complaint presents for the proposition that sex trafficking is a serious problem afflicting this country and that it is taking place largely at hotels, the Court is constrained to find that the [] Complaint has not plausibly pled that [BA Hotel] had either actual or constructive knowledge of Plaintiff's particular trafficking, an explicit requirement under the TVPRA."  *Doe (P.B.)*, 2023 WL 8890229, at *5.

The Opposition does not respond to any of these arguments in BA Hotel's Memorandum about the Complaint's utter failure to assert specific facts giving rise to an inference of actual or constructive knowledge.  Instead, Plaintiff claims that BA Hotel impermissibly relies on the Eleventh Circuit's instructive decision *K.H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024), which Plaintiff states has "no precedential value."  *See* Opp., at 12, n.3.  As a decision outside the Third Circuit, *Riti* is certainly not binding precedent, yet even under the Eleventh Circuit Rule that Plaintiff cites, such a decision "may be cited as persuasive authority."  *See* 11th Cir. R. 36-2.  Even then, Plaintiff makes no effort to distinguish *Riti* or engage with BA Hotel's discussion thereof.  *See* Opp., at 12.

The rest of Plaintiff's discussion of the *mens rea* requirement for a beneficiary liability claim is similarly devoid of any substantive discussion of well-pleaded allegations demonstrating that BA Hotel knew or should have known of Plaintiff's alleged trafficking.  Plaintiff instead asserts that a "court in this District previously concluded that a "hotel need not share a common purpose with the alleged trafficker" and that a hotel "assists, furthers, and facilitates the sex trafficking activity" by renting hotel rooms to sex traffickers," but the authority cited is a case from the Eastern District of Virginia, ***not*** this District, and such argument would only bear on BA Hotel's purported participation in a venture, not on its alleged actual or constructive knowledge.  *See* Opp., at 14–15 (citing *A.D. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 8674205, at *3 (E.D. Va. July 22, 2020)).  Plaintiff's Opposition does not demonstrate that, based on a few inapposite Yelp.com reviews and the problem of sex trafficking in the hotel industry generally, that BA Hotel had constructive knowledge of Plaintiff's trafficking. Thus, Plaintiff's beneficiary liability claim under the TVPRA should be dismissed for failure to sufficiently plead the third element of this cause of action.

## CONCLUSION

For the foregoing reasons, and those stated in BA Hotel's Memorandum in Support of its Motion to Dismiss, Plaintiff's Complaint should be dismissed in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:        January 22, 2025                    Respectfully submitted,

                                                  /s/ *James C. Shah*
                                                  James C. Shah
                                                  Ronald S. Kravitz (*pro hac vice application forthcoming*)
                                                  Christopher A. Miller (*pro hac vice*)
                                                  **MILLER SHAH LLP**
                                                  2 Hudson Place, Suite 100
                                                  Hoboken, NJ 07030
                                                  Telephone: (866) 540-5505
                                                  Facsimile: (866) 300-7367
                                                  Email: jcshah@millershah.com
                                                          rskravitz@millershah.com
                                                          camiller@millershah.com

                                                  *Attorney for Defendant, BA Hotel, LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I, James C. Shah, certify that on January 22, 2025, a true copy of Defendant,

BA Hotel, LLC's Reply Memorandum of Law in Further Support of Motion to

Dismiss, was filed with the Clerk of the Court and served upon all counsel of

record through the Court's CM/ECF filing system.

I further certify that on this date, I caused a courtesy copy of the above

document to be sent via FedEx Overnight Mail to The Honorable Susan S.

Wigenton, United States District Judge of the United States District Court for the

District of New Jersey, located in the Martin Luther King Building & U.S.

Courthouse, 50 Walnut Street, Newark, New Jersey 07101, in accordance with

Your Honor's judicial preferences.

Dated: January 22, 2025     Respectfully submitted,

          /s/ *James C. Shah*
           James C. Shah

          *Attorney for Defendant,*
          *BA Hotel, LLC*

.